**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SNUGGLERS' MEADOW FARMS, LLC.,)** | **CASE NO. 1:04CV785** |
| **Plaintiffs,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **LAND O'LAKES, INC.,** ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the following motions: (1) Defendants' Motion for Partial Summary Judgment on All Claims Brought on Behalf of Plaintiff Snugglers' Meadow Farms, LLC. (ECF DKT #29); (2) Defendants' Motion for Partial Summary Judgment on Punitive Damages Claim (ECF DKT #39); (3) Defendants' Motion for Summary Judgment on causation (ECF DKT #40); (4) Plaintiffs' Motion for Extension of Identification of Expert Witnesses and Submission of Expert Reports (ECF DKT #43); (5) Plaintiffs' Motion to Dismiss Defendants' Motion for Summary Judgment (ECF DKT #45); and (6) Defendants' Motion for Leave to File Motion for Summary Judgment on Counts I through IV of the Complaint, Instanter

(ECF DKT #52).

Upon careful consideration, Defendants' Motion for Partial Summary Judgment on All Claims Brought on Behalf of Plaintiff Snugglers' Meadow Farms, LLC. is overruled; Defendants' Motion for Partial Summary Judgment on Punitive Damages Claim is granted; Defendants' Motion for Summary Judgment on causation is granted in part; Plaintiffs' Motion for Extension of Identification of Expert Witnesses and Submission of Expert Reports is overruled; Plaintiffs' Motion to Dismiss Defendants' Motion for Summary Judgment is overruled; and Defendants' Motion for Leave to File Motion for Summary Judgment on Counts I through IV of the Complaint, Instanter is overruled.

## I. FACTUAL BACKGROUND

On March 25, 2004, Plaintiffs, Snugglers' Meadow Farms, LLC. and Thomas Baster, filed their Complaint in the Geauga County Court of Common Pleas and it was subsequently removed to the United States District Court for the Northern District of Ohio, Eastern Division. Plaintiffs allege that the Defendants, Land O'Lakes, Inc., et al., defectively manufactured and/or formulated alpaca feed, known as Profile Dr. Evans Alpaca Supplement Lot # 3FEB28 MAS. Plaintiffs claim that an antibiotic, salinomycin – which is toxic to alpacas – was improperly mixed into the alpaca food. Further, on or about March 5, 2003, Plaintiffs purchased nine bags and fed it to their entire herd of thirty alpacas and to the alpacas that were being boarded at their farm. As a result of their herd ingesting Defendants' contaminated feed, Plaintiffs claim damages, including, but not limited to, lost profits, loss of good will, loss of business reputation, severe disruption and cessation of Plaintiffs' ongoing business activities, production losses and

permanent injury and loss to its alpaca herd.

## II. LAW AND ANALYSIS

### STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The court must view all evidence and reasonable inferences in favor of the nonmoving party, in order to determine whether or not there is a genuine issue of material fact for trial. *Id. at 255.* An opponent of a motion for summary judgment may not rely on the mere allegations of the complaint, but must set forth specific facts showing a genuine issue for trial. *Id. at 248.* Summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc*., 48 F. 3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

### Standing

In their motion filed on August 9, 2005, Defendants assert that discovery establishes that only Plaintiff Thomas Baster actually owned any alpacas in March of 2003. Therefore, they move for summary judgment in their favor on any claims advanced by Plaintiff Snugglers' Meadow Farms, LLC. based upon lack of standing.

Article III of the Constitution limits judicial power to the resolution of "cases" and

"controversies." One aspect of the "case or controversy" requirement is that plaintiffs must establish, based upon their complaint, that they have standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Further, "[t]he Art. III judicial power exists only to redress or otherwise to protect against injury to *the complaining party*." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771; *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (Emphasis added).

Pursuant to discovery requests, Plaintiffs provided certificates of registration issued by Alpaca Registry, Inc. (ARI). (See Exhibit "E" attached to ECF DKT #29) The majority of the certificates identify the owner as: "Thomas Earl Baster Family Trust/Thomas Earl Baster, Trustee/Snugglers' Meadow Alpacas." At least one lists: "Thomas & Carla Baster/ Ed & Ruthanne McCaslin, Joint Owners" and another: "Thomas and Carla Baster/ Tina N. Baster, Joint Owners." A few recite: "Thomas and/or Carla Baster/Snugglers' Meadow Alpacas" or "Thomas and/or Carla Baster" or "Thomas Earl Baster Family Trust/Snugglers' Meadow Alpacas."

According to the affidavit of Anthony Stachowski, DVM, attached as Exhibit "C" to ECF DKT #29, ARI is a not-for-profit organization which formalized the registry process for alpacas in the United States in 1989. Its purpose is to provide a scientifically verifiable record of the blood lines of American alpacas. The certificates provide information on the blood lines of the animal, its date of birth, and the type and name of the person or entity identifying itself as the owner of the animal. The reverse side of each certificate has a form which is to be completed to register the transfer of ownership of a registered alpaca or to report the death of the animal.

The Defendants point out that the corporate entity, Snugglers' Meadow Farms, LLC., is

never identified as the owner on the certificates provided by Plaintiffs through discovery, nor is The Thomas Earl Baster Family Trust listed as a named plaintiff in the within lawsuit. Therefore, Defendants contend that Snugglers' Meadow Farms, LLC. has failed to meet the "case or controversy" requirement of standing, since it cannot demonstrate injury to its property.

In opposition, Plaintiffs submit the affidavit of Gordon A. Anderson, the Administrator of Alpaca Registry, Inc. He avers that the certificates of registration are not intended to be legal documents of title, "conclusively proving ownership of an alpaca." State law does not mandate that an owner of an alpaca register with ARI and "[t]he ARI certificates of registration are only one form of proof of ownership of an alpaca." Also, Plaintiff Thomas Baster avers in his own affidavit that every alpaca involved in this litigation was purchased "using his personal funds or purchased by Snugglers' Meadow Farms, LLC., using its funds." Baster states, in addition, that "sometime in the year 2000 or 2001 The Thomas Earl Baster Family Trust was created for estate planning purposes and from that time on the name of the trust and Snugglers' Meadow was placed on the Certificate of Registration of Alpacas purchased by Affiant and/or Snugglers' Meadow Farms, LLC."

Defendants filed their timely reply brief in support of their position. Plaintiffs filed a supplemental memorandum and an additional supplemental memorandum without leave. The Court will not consider Plaintiffs' supplemental submissions.

This Court is required to construe all reasonable inferences and evidence in a light most favorable to the nonmoving party. Viewing the opposing affidavits, the Court finds that the meaning or import of the ARI certificates is unsettled. Thus, this Court determines that there remains a genuine issue of material fact as to ownership and extent or percentage of ownership

of the alpacas.  Defendants' motion for summary judgment with regard to standing is denied.

**Punitive Damages**

Defendants have moved for summary judgment in their favor on the basis that Plaintiffs have failed to satisfy their prima facie evidentiary burden for recovery of punitive damages. Pursuant to Ohio Revised Code § 2315.21, punitive or exemplary damages cannot be recovered in a civil action for damages for injury or loss to persons or property, unless both of the following apply:

(1) the actions of the defendant demonstrate malice, aggravated or egregious fraud, oppression or insult . . .and

(2) the plaintiff has adduced proof of actual damages that resulted from actions or omissions as described in division (B)(1) of this section.

"Malice", although not expressly defined in the statute, has been defined by the Ohio Supreme Court as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) **a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.**" (Emphasis added). *Preston v. Murty* (1987), 32 Ohio St. 3d 334, syllabus. The burden of proof lies with the plaintiff to prove the elements of malice by clear and convincing evidence.  Ohio Revised Code § 2315.21(C)(3).  Clear and convincing evidence is that measure of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford* (1954), 161 Ohio St. 469, syllabus at paragraph three.

Count VI of Plaintiffs' Complaint  – Strict Liability in Tort – recites a product liability claim which is governed by Ohio Revised Code §§ 2307.71 to 2307.80.  That statutory scheme

provides that punitive damages may be awarded only when there is misconduct that poses a risk to human beings.  Ohio Revised Code § 2307.80 recites in pertinent part:

> . . . punitive or exemplary damages shall not be awarded . . . in connection with a products liability claim unless the claimant establishes by clear and convincing evidence, that harm for which the claimant is entitled to recover compensatory damages . . . was the result of misconduct . . . that manifested a flagrant disregard of the **safety of persons** who might be harmed by the product in question.  (Emphasis added).

The within litigation arises from the production of allegedly contaminated alpaca feed.  Since there are no allegations of personal injury to individuals nor of a safety risk posed to human beings, Plaintiffs' product liability claim fails to support recovery of punitive damages.

Defendants point out that Plaintiffs' remaining claims for recovery of exemplary damages must, of necessity, fail also.  Snugglers' Meadow Farms, LLC. and Thomas Baster assert that they are entitled to punitive damages because Defendants acted with reckless disregard for the safety of the alpacas. *See, Plaintiffs' Complaint* at ¶¶ 65, 65 76 77.  Animals do not have established "rights" under the law.  They are considered personal property and do not have the right or capability to commence litigation.  *Pacher v. Invisible Fence of Dayton* (2003), 154 Ohio App. 3d 744.

Plaintiffs have supplied no evidence of conduct or the state of mind characterized by hatred, ill will, or a spirit of revenge.  Nor, do they produce evidence that persons were harmed or put at risk by Defendants' conduct.  Instead, they appear to rely upon a proposition of law that punitive damages are proper if there is clear and convincing evidence of conscious disregard for "the injured party's rights **or** safety."  *Digital & Analog Design Corp. v. North Supply Co.* (1989), 44 Ohio St. 3d 36, 44; *Blust v. Lamar Advertising Co.* (2004), 157 Ohio App. 3d 787 at 800.

This Court recognizes an apparent contradiction between the plain language of *Preston v. Murty*, *supra*, and its subsequent application by Ohio courts, as well as an internal contradiction between the definition of malice in the *Preston* syllabus and the analysis of the malice standard found within the body of the *Preston* decision.  These contradictions are resolved by looking to the Ohio Supreme Court precedent that when a statement in an opinion conflicts with the rule of law recited in the syllabus, the syllabus governs.  *Akers v. Serv-A-Portion, Inc*. (1987), 31 Ohio St. 3d 78, 79.  Moreover, the syllabus of an opinion issued by the Ohio Supreme Court is the law of the case, and all lower courts are bound to adhere to principles set forth therein and the body of an opinion is considered dictum.  *State ex rel. Heck v. Kessler* (1995), 72 Ohio St. 3d 98, 102-103.  Further, under S.Ct. R.Rep.Op. 1(B), "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication."  See, also, *Worrell v. Athens Cty. Court of Common Pleas* (1994), 69 Ohio St. 3d 491, 495.

The *Preston* dicta is in conflict with the syllabus; but the syllabus statement of "a conscious disregard for the **rights and safety of other persons**" must control.  (Emphasis added). Furthermore, the syllabus of *Preston*, not the dicta contained within the opinion, has been cited with approval by the courts of Ohio for nearly twenty years and has been incorporated in the *Ohio Jury Instructions* (most recently edited in 2002).

Therefore, the opinion in *Blust* is a misapplication of Ohio Supreme Court precedent and is not binding here; and *Digital* contains a misstatement by the high court itself.  This Court finds that Plaintiffs must show by clear and convincing evidence that the **rights and safety of persons** were consciously disregarded by Defendants in order to maintain a punitive damages claim in

Ohio. Having failed that, Defendants' Motion for Partial Summary Judgment as to punitive damages is granted.

**Causation**

Defendants also seek summary judgment in their favor as to causation on any claims for injury to the alpacas on Plaintiffs' farm. Plaintiffs have alleged that an antibiotic, salinomycin, was improperly mixed into the alpaca food manufactured by Defendants, and as a result of the consumption of the allegedly contaminated feed, Plaintiffs' alpacas were damaged. Defendants posit, that in order to establish the proximate causal relationship between the ingestion of salinomycin and the injuries to the animals, the Plaintiffs must provide medical or veterinary expert testimony. The effect of salinomycin on exotic animals such as alpacas is specialized knowledge, outside of an average juror's ken. Fed.R.Evid. 702 contemplates the use of expert testimony in such instances; and the opinion must be expressed to a reasonable degree of veterinary or medical certainty.

Plaintiffs submit the reports of Dr. Carla Baster, Dr. Edward McCaslin and Dr. Pamela Hess. None of their opinions proximately relate the damages suffered by the Snugglers' Meadow alpacas to ingestion of salinomycin to the required degree of certainty or probability.

In their opposition brief, Plaintiffs clarify that they are not claiming damages for the death of any alpacas. They insist that they have suffered damages, including, but not limited to, lost profits, loss of good will, loss of business reputation, severe disruption and cessation of Plaintiffs' ongoing business activities, production losses and permanent loss to its alpaca herd. The opinions of Baster, Hess and McCaslin show that the symptoms exhibited by the alpaca herd are consistent with the ingestion of salinomycin in the feed. Further, Plaintiffs contend that

-9-

attempts to sell the alpacas, even at a discount, proved unsuccessful. Plaintiffs supply e-mails from various individuals who refused to buy, trade for, or breed their animals with Snugglers' Meadow's herd because they feared the effects of the contaminated feed. Michael Safley, an expert retained by Plaintiffs, opines that the herd has lost almost three-fourths of a million dollars in value as a result of the exposure to salinomycin.

Defendants counter that the Plaintiffs have failed to establish, by competent and admissible evidence, that there is a genuine issue of material fact as to the proximate causal relationship between salinomycin and the claimed injuries of the animals. Plaintiffs may not rest on the allegations of their Complaint, but are required to "respond by affidavits or as otherwise provided" in Fed.R.Civ.P. 56(e). This Court agrees that the reports submitted are made up of factual exposition, speculation, or conjecture. Plaintiffs have not satisfied their burden of proof on summary judgment. Moreover, the Court notes that the copies of e-mails from potential customers and the letter of Mr. Safley are unsworn and unauthenticated. This Court cannot consider them for any purpose. Despite having ample opportunity, Plaintiffs have not requested leave to correct this omission and supply authenticating affidavits. The Court will not serve as Plaintiffs' advocate.

Plaintiffs have sufficiently asserted claims for various economic losses and for diminution in property value. These claims are not challenged by Defendants' dispositive motion. Nevertheless, Defendants' motion has merit as to the proximate cause element of medical/veterinary injuries suffered by Plaintiffs' alpacas. To that degree, Defendants' motion for summary judgment is granted.

**Miscellaneous motions**

Plaintiffs made a motion to dismiss Defendants' Motion for Summary Judgment filed on October 14, 2005 because it sought judgment in their favor against Magical Farms, Inc. and Majestic Meadows Alpacas, Inc. It is clear to the Court that this blatant misnomer was the result of a clerical error. Plaintiffs' Motion to Dismiss is overruled.

Additionally, Plaintiffs have filed a motion to add two more experts to their witness list and for an extension of time to submit their reports. Plaintiffs specifically wish to add Denise Stoll, DVM and Sheila Grimes, DVM, Ph.D., both of which have participated in the case of *Magical Farms, Inc., et al v. Land O'Lakes, Inc., et al.*, 1:03CV2054 by examining the hearts of two deceased alpacas. This Court does not discern the relevance of post-mortem examinations of Magical Farms' alpacas. Plaintiffs here, Snugglers' Meadow and Thomas Baster, have not made any claims for the death of any member of their herd. Further, neither Dr. Stoll nor Dr. Grimes can offer relevant opinions when they have not seen nor examined Plaintiffs' animals. Plaintiffs' motion is overruled.

Defendants' Motion for Leave to File Motion for Summary Judgment on Counts I through IV of the Complaint is likewise overruled. The Court is not convinced that this motion could not have been presented within the dispositive motion deadline. The existence of a contract could have been determined through various available discovery methods, such as interrogatories, requests for admissions, and requests for production of documents. The lack of privity of contract could have been ascertained without deposing Thomas Baster.

### **III. CONCLUSION**

-11-

Upon consideration of the applicable law and arguments, and for the reasons set forth above, (1) Defendants' Motion for Partial Summary Judgment on All Claims Brought on Behalf of Plaintiff Snugglers' Meadow Farms, LLC. (ECF DKT #29) is overruled; (2) Defendants' Motion for Partial Summary Judgment on Punitive Damages Claim (ECF DKT #39) is granted; (3) Defendants' Motion for Summary Judgment on causation (ECF DKT #40) is granted in part; (4) Plaintiffs' Motion for Extension of Identification of Expert Witnesses and Submission of Expert Reports (ECF DKT #43) is overruled; (5) Plaintiffs' Motion to Dismiss Defendants' Motion for Summary Judgment (ECF DKT #45) is overruled; and (6) Defendants' Motion for Leave to File Motion for Summary Judgment on Counts I through IV of the Complaint, Instanter (ECF DKT #52) is overruled.

**IT IS SO ORDERED**.

**DATE:** _2/13/06_____

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)